**Gezim PEPUSHAJ, Dhurata Tata, Petitioners,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2622–ag.

United States Court of Appeals, Second Circuit.

April 23, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, John C. Cunningham, Senior Litigation Counsel, Remi Adalemo, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Gezim Pepushaj and Dhurata Tata, natives and citizens of Albania, seek review of a May 31, 2007 order of the BIA affirming the September 14, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gezim Pepushaj and Dhurata Tata,* Nos. A97 831 841, A97 831 840 (B.I.A. May 31, 2007), *aff'g* Nos. A97 831 841, A97 831 840 (Immig. Ct. N.Y. City Sept. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law

to undisputed fact. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

Substantial evidence supports the agency's finding that conditions in Albania have fundamentally changed such that Pepushaj and Tata no longer have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1); *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). In addition to relying on changes in the Albanian government, the agency reasonably found that any risk of persecution is further diminished by the fact that many of Pepushaj's relatives, who are also Democratic Party supporters, live in Albania unharmed. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Under these circumstances, we see no basis to disturb the agency's conclusion that Pepushaj and Tata lack a well-founded fear of persecution, and that they are therefore ineligible for asylum and withholding of removal. *See Hoxhallari,* 468 F.3d at 187. Likewise, because Pepushaj's and Tata's application for CAT relief was based on the same factual predicate as their application for asylum and withholding of removal, the agency did not err in denying them such relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).